**Commonwealth v. S.W.L. Corporation**

*Steven J. Serling, Goodis, Greenfield, Narin & Mann,* for appellant.

*Eugene J. Anastasio,* Deputy Attorney General, for Commonwealth.

LIPSITT, J., September 29, 1969.—This is an appeal by S. W. L. Corporation (hereinafter called "SWL") from the denial by the Board of Finance and Revenue of a petition for review of the settlement of its corporate net income tax for a fiscal year ended July 31, 1964. Pursuant to the provisions of the Act of April 22, 1874, P. L. 109, 12 PS §688, the parties agreed to dispense with a jury trial.

The facts which have been stipulated are adopted as our findings and, where pertinent, shall be discussed in the disposition of the case. SWL is a Pennsylvania corporation located in Philadelphia and holds a one-third interest as a partner in the Adella Dress Company (hereinafter called "Adella"). Adella owns common stocks in various corporations which pay dividends to the partnership. Adella did not make any distributions to SWL during the year in question. In its Pennsylvania corporate tax return, SWL reported dividends received in the amount of $12,269.86. It is the applicability of the dividend deduction provision found in the Corporate Net Income Tax Act which gives rise to the present controversy. After deducting the aforementioned dividends, SWL showed a tax liability of $2,010.65. It attempted to include on its return as "corporate dividends received" the sum of $4,217.86, representing its pro rata share in the dividends retained by Adella. The Commonwealth refused to allow the deduction, resulting in an increase of SWL's tax liability by $253.08 to $2,263.73. Inasmuch as it was required to report the income on its Federal tax return, SWL asserts it should be allowed to deduct these dividends even though such dividends were not, in fact, distributed to it as a partner in Adella.

The Corporate Net Income Tax Act of May 16, 1935, P. L. 208, sec. 3, as amended, 72 PS §3420c, hereinafter called CNI Tax Act, imposes a tax upon the "net income" of corporations for the privilege of doing business in Pennsylvania. The CNI Tax Act defines the term "net income" in section 2, paragraph 1(b), 72 PS §3420b as ". . . taxable income . . . returned to and ascertained by the Federal Government. . . And provided further, That additional deductions shall be allowed from taxable income on account of . . . dividends received from any other corporation but only to the extent that such dividends are included in taxable income as returned to and ascertained by the Federal Government. . . ."

By its terms, the act uses as its tax base, for Pennsylvania purposes, the Federal government's definition of taxable income. There is then provided a deduction for dividends received from any other corporation.

Under the normal Federal tax treatment, a partnership itself is not subject to income tax, but rather each partner must include in its Federal return its share of partnership income, including any dividends received by the partnership: Internal Revenue Code of August 16, 1954, 68A Stat. 239, 26 U.S.C.A. §701, et seq.

In the instant case, the partnership received dividends on stocks it owned in other corporations and did not distribute them. The problem presented is whether a corporate partner's undistributed interest in dividends received by a partnership entitles it to the dividend deduction provided by the CNI Tax Act.

The Commonwealth contends that the dividends received and retained by Adella do not satisfy the dividend deduction provision of the CNI Tax Act. Noting the language of the act, it argues that, to qualify for the deduction, a dividend must be received from

another corporation, and that during the year in question SWL did not receive the dividends from any such corporation. This contention is derived from three bases. The first is that Adella is a partnership and could not distribute a dividend, as the term "dividend" refers to a distribution of the profits of a corporation. Secondly, Adella did not distribute anything during the year. Lastly, Adella could not meet the requirement that dividends must be received from another corporation, since it is not, in fact, a corporation.

The only relevant decision, cited by both sides, is that of Commonwealth v. General Refractories Company, 417 Pa. 153 (1965). In both the Supreme Court and in the Dauphin County court, 81 Dauph. 126 (1963), there is extensive examination of the legislative history and the interpretation of the provision in the CNI Tax Act pertaining to dividend deductions. In General Refractories, a quantity of ore was received by a corporate taxpayer, pursuant to a detailed agreement it had with a foreign subsidiary corporation. The agreement provided that, in return for an investment in the stock of an Austrian mining company, the taxpayer would be entitled to annual exports of ore from that country. The Internal Revenue Code provided that this distribution should be treated as a dividend for Federal tax purposes. The Commonwealth denied the dividend deduction under the CNI Tax Act, taking the position that the ore was really a royalty and, therefore, did not qualify as a dividend. The Pennsylvania Supreme Court, in affirming the Dauphin County court, held that the Federal concept of what constituted a dividend should prevail and, consequently, the ore received did qualify for the dividend deduction.

SWL argues that the theory behind the Pennsylvania dividends deduction is merely an intention to reflect whatever dividends are taxable and not de-

ductible according to the Federal rules. Because the dividends involved in this case, although paid to the partnership, must be included as income by SWL for Federal purposes, it claims this fact is conclusive upon the Commonwealth in its determination of the Pennsylvania dividends received deduction.

The Commonwealth here points out the distinguishing features between the instant case, where nothing was ever received by SWL, and in General Refractories, where the ore was received. Further, it is noted that the Austrian subsidiary was a corporation, whereas Adella is a partnership. Additionally, it is said that General Refractories is not applicable to this case, since at the time the tax was incurred in General Refractories, as well as during the tax year in the instant case, a Pennsylvania corporation could not be a member of a partnership. It was not until the Act of January 18, 1966, P. L. (1965) 1305, sec. 12.1, 15· PS §1302(18), that a corporation had the power to be a partner in any partnership.

Although this taxpayer may urge a rationalization of the General Refractories opinion as decisive, the terms of the act itself must be controlling for any tax deduction. On analysis, the General Refractories case was concerned with the concept of a dividend. Here, the statute confronts the taxpayer and, whether enlightened or not, the words have a clear meaning.

The CNI tax is imposed on a base, i.e., the net income of SWL as ascertained by and returned to the Federal government. From this base, certain deductions are allowed. The act specifically states that a deduction shall only be allowed on account of "dividends received from any other corporation", and further, the deduction is allowed only to the extent the dividend is included in the taxable income of the taxpayer. The only dividends received in the instant case were those received by Adella. Therefore, if SWL is entitled to the

deduction, the court must necessarily pierce the corporate veil of SWL and characterize as a dividend received by SWL something that was actually received by Adella.

There is simply no authority to disregard a separate corporate identity in order to grant relief at the expense of the State. Even if the corporate veil of SWL is pierced, the only dividends received in this case were received by Adella, the partnership. A partnership may be a mere conduit for Federal taxpaying purposes, but it does have a distinct existence. Indeed, an interest in a partnership does not give a partner any right to the dividends themselves, but only to its share of the profits and surplus, which is considered the same as personal property: Act of March 26, 1915, P. L. 18, part V, sec. 26, 59 PS §73; 68 C.J.S. §85a.

For the reasons discussed, the conclusion must be reached that SWL is not entitled to the deduction it seeks. In essence, SWL did not receive a dividend from any other corporation and the dividends entailed were not received by SWL but were acquired instead by a partnership. Accordingly, the statutory requirements of the CNI Tax Act were not met.

We, therefore, enter the following

## ORDER

And now, September 29, 1969, the appeal of S.W.L. Corporation from the order of the Board of Finance and Revenue dated October 26, 1965, is dismissed, and it is directed that judgment be entered in the amount of $253.08 in additional Pennsylvania corporate net income taxes for the fiscal year ending July 31, 1964, with interest, unless exceptions are filed hereto within 30 days hereof. The prothonotary shall notify the parties or their counsel of the entry of this order forthwith.